# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
YOB, LIND, and KRAUSS
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist JEFFERY I. HINZMAN**
**United States Army, Appellant**

ARMY 20120441

Headquarters, Fort Bliss
David H. Robertson and Karen W. Riddle, Military Judges
Colonel Francis P. King, Staff Judge Advocate (pretrial)
Colonel Edward K. Lawson, IV, Staff Judge Advocate (post-trial)

For Appellant:  Major Jacob D. Bashore, JA; Captain Susrut A. Carpenter, JA (on brief).

For Appellee:  Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Major Robert A. Rodrigues, JA; Captain Steve T. Nam, JA (on brief).

16 December 2013

-----------------------------------
SUMMARY DISPOSITION
-----------------------------------

KRAUSS, Judge:

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of one specification of conspiracy to commit larceny of military property, one specification of false official statement, three specifications of larceny of military property, and one specification of housebreaking in violation of Articles 81, 107, 121, and 130, Uniform Code of Military Justice, 10 U.S.C. §§ 881, 907, 921, and 930 (2006) [hereinafter UCMJ].  The convening authority approved the adjudged sentence of a bad-conduct discharge, confinement for 360 days, and reduction to the grade of E-1, and credited appellant with 6 days of confinement against the sentence to confinement.

This case is before the court for review under Article 66, UCMJ.  Appellant assigns as error excessive post-trial delay in the processing of his case.  He also raises matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

Though we do not find any actual prejudice to the appellant, we agree that the excessive post-trial delay in the processing of this case warrants relief.

The parties agree that the processing time attributable to the government is 286 days from sentence to action. This amounts to 166 days beyond the point where we presume unreasonable delay in post-trial processing. *United States v. Moreno*, 63 M.J. 129, 142-43 (C.A.A.F. 2006) (recognizing a presumption of unreasonable delay after 120 days of post-trial delay in processing a case). Though we find no prejudice as a result of the excessive delay, the court must still review the appropriateness of the sentence in light of unjustified dilatory post-trial processing. UCMJ art. 66(c); *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002) ("[Pursuant to Article 66(c), UCMJ, service courts are] required to determine what findings and sentence 'should be approved,' based on all the facts and circumstances reflected in the record, including the unexplained and unreasonable post-trial delay."). *See generally United States v. Toohey*, 63 M.J. 353, 362-63 (C.A.A.F. 2006); *Moreno*, 63 M.J. at 143; *United States v. Ney*, 68 M.J. 613, 616-17 (Army Ct. Crim. App. 2010).

Here, appellant demanded speedy post-trial processing in a memorandum addressed to the Staff Judge Advocate 109 days after appellant's sentence was imposed. Appellant again complained of excessive post-trial delay in his post-trial matters submitted 294 days after the sentence was imposed. Though the staff judge advocate addressed this complaint in the addendum to his original recommendation and the convening authority took action within 3 days of appellant's post-trial submissions, no explanation for the delay,[*] either at the time or before this court, was ever provided, and no clemency was granted by the convening authority. In addition, appellant's request for deferment of his reduction in rank and automatic forfeitures was disapproved. Under these circumstances, given the 109-page record of trial involving charges of no great complication, we find it appropriate to set aside 30 days of appellant's sentence to confinement. *See United States v. Harvey*, 64 M.J. 13, 23 (C.A.A.F. 2006); *Tardif*, 57 M.J. at 224.

The findings of guilty are AFFIRMED. After consideration of the entire record, including those matters personally raised by appellant pursuant to *Grostefon*, the court affirms only so much of the sentence as provides for a bad-conduct discharge, confinement for 330 days, and reduction to the grade of E-1. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of his sentence set aside by this decision, are ordered restored. *See* UCMJ arts. 58b(c) and 75(a).

---

[*] Included in the record, as an attachment to the authentication page, is the military judge's explanation for the passage of 22 days from her receipt of the record to the date she completed authentication.

Senior Judge YOB and Judge LIND concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court